IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE | ) | |
| MATT A. PLEDGER | ) | Case No. 09-41061 |
|     Debtor. | ) | |

**MOTION FOR APPROVAL TO SELL REAL PROPERTY
FREE AND CLEAR OF LIENS AND ENCUMBRANCES, EXCEPT
AS PROVIDED HEREIN, PURSUANT TO 11 U.S.C. § 363 (SALE NO. 3)
<u>COMBINED WITH NOTICE OF HEARING</u>**

COMES NOW Patricia E. Hamilton, Chapter 7 Trustee for the above-captioned case (the "**Trustee**"), and for her Motion for Approval to Sell Real Property Free and Clear of Liens and Encumbrances, Except as Provided Herein, Pursuant to 11 U.S..C. § 363(b), (f), and (h), if applicable, and Notice of Hearing, states:

1. On June 29, 2009 (the "**Filing Date**"), Debtor, Matt A. Pledger, filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code.

2. Patricia E. Hamilton is the duly appointed, qualified and acting Chapter 7 Trustee for the estate (the "**Estate**") in the above-captioned case.

3. On the Filing Date, Debtor owned real estate, together with all existing buildings, structures and improvements, thereon situated and all easements and other rights appurtenant thereto (the "**Real Property**") in Valley Falls, Jefferson County, Kansas described as follows (with the legal description set out in the title commitment to control):

> **The East 79.06 acres of the Northwest fractional quarter of section 6, township 8 South, Range 17, East of the 6th P.M. in Jefferson County Kansas, according to the U.S. Government survey, commonly known as 18627 N. Cedar Road, Valley Falls, Kansas.**

1

4. As of the Filing Date, the Debtor owned the Real Property free and clear of liens and encumbrances. On October 23, 2014, the Court entered its Order Denying the Debtor's claimed exemption of the Real Property. As of the filing of this Motion, the Trustee is not aware of the existence of any existing leases or tenant in regard to the Real Property.

5. On December 23, 2014 the Court entered its Order approving Charlene Herbers of United Country – Pagel Inc., Realty as the real estate agent for the estate in regard to the sale of the Real Property (the "**Realtor**").

6. The Trustee received an offer from **Logan J. Coder** to purchase the Real Property for **$219,900**, subject only to the following terms and conditions, and those set out in the Contract, as hereinafter defined:

   a. Pursuant to 11 U.S.C. §363(b), (f) and (h), the Real Property shall be sold free and clear of any and all liens and encumbrances, including, but not limited to, any lis pendens liens, except as provided herein;

   b. The Real Property is sold as is, where is, with no representations or warranties, and neither the Trustee nor the Estate shall have any obligation to make any repairs or improvements to the Real Property as a condition of sale;

   c. Closing shall occur on or before **March 27, 2015** (the "**Closing**"), with any extension of the Closing only upon written approval of the Trustee or order of the Court;

   d. The Real Property is sold specifically subject to all Schedule B - Section II Exceptions as set out in the Title Commitment for Title Insurance (a copy of Schedule B is attached hereto, incorporated herein and identified as **Exhibit 1**).

   e. The Real Property is sold specifically subject to any rights or claims of parties in possession, boundary line disputes, overlaps, encroachments, and any other matters not shown by the public records which would be disclosed by an accurate survey and inspection of the land;

   f. The Real Property is sold specifically subject to the lien of any general or special assessments;

   g. The Real Property is sold subject to any and all liens and encumbrances which would not be extinguished under state law, pursuant to 11 U.S.C. §363, including, but not

2

limited to, real estate taxes and any liens and encumbrances arising after the Filing Date and in this regard, the Trustee has not caused any to be incurred.

h. Any and all leases, easements, or claims or easements, shown and not shown by the public records;

i. Any lien or right to a lien, for services, labor or materials heretofore or hereafter furnished, imposed by law and not shown by the public records;

j. Taxes or assessments which are not shown as existing liens by either the public records or the records of any tax authority that levies taxes or assessments on real property;

k. Public streets, roadways and alleys;

l. Easements, covenants, building setback lines and other restrictions of record;

m. All utilities serving the above-described premises, and

n. The Trustee has no obligation to remove any personal property remaining on the Real Property at the time of Closing, but may retain the right to enter the Real Property for the purpose of removing such personal property as the Trustee, in her sole and absolute discretion, determines is necessary and appropriate or as directed by any order of this Court.

7. Subject to receipt of a higher and better bid submitted under the terms and conditions set forth herein and as set forth in the contract (the "**Contract**") attached hereto, incorporated herein and identified as **Exhibit 2**), the Trustee believes that it would be in the best interest of the Estate to sell the Real Property to **Logan J. Coder** (or such individual(s) or entity that is found to have submitted a higher and better bid in accordance with the terms of this Motion) (the "**Buyer**"), under the terms and conditions of the terms and conditions set forth above and, specifically, subject to the Bankruptcy Court's approval.

8. Upon information and belief, the Buyer has no connection to the Debtor or the Estate.

9. The Trustee requests the Court authorize the Trustee to sell the Real Property to the Buyer under the terms and conditions set forth herein, or, in the event the Trustee receives a higher

3

and better bid under the terms and conditions set forth herein, then to the highest and best bidder.

10. The Trustee further requests the Court authorize the Trustee to pay all claims and expenses, related to the sale, from the gross sale proceeds received from the Real Property including the following (amounts are good faith estimates and actual closing costs may vary):

| | | |
|---|---|---|
| a. | Title Policy prepared by Title Company (estimated) | $ 500 |
| b. | Seller's Closing Costs (estimated) | $ 500 |
| c. | Real Property Taxes due Jefferson County (pro rata to the date of Closing-estimated) | $16,050 |
| d. | Real estate commission of 7% to United Country – Pagel Inc., Realty (estimated) | $16,000 |
| e. | Rural Water District charges re water meters (estimated) | $ 4,200 |

11. Upon information and belief, there are real property taxes due Jefferson County for tax years 2009 through 2014 which shall be paid by the Seller at Closing. All real property taxes due in connection with the Real Property for the current year shall be paid pro-rated as of the date of Closing with the Seller paying that portion due prior to the Closing and the Buyer paying all taxes due from and after the Closing.

12. The Trustee requests the Court authorize and approve the payment of the Trustee's fee in the amount established pursuant to Section 326 of the United States Bankruptcy Code to be paid from the Estate's portion of the net proceeds after payment of closing costs, pro-rata taxes and expenses (the "**Net Proceeds**") and the balance of the Estate's portion of the Net Proceeds shall be held by the Trustee to be distributed in accordance with the Bankruptcy Code and further orders of this Court.

13. The Trustee is providing Notice of the proposed sale to the Debtor, the creditors, and

4

parties in interest. **Any objection to this Motion must be filed in writing with the United States Bankruptcy Court, U.S. Courthouse, 444 SE Quincy, Room 240, Topeka KS 66683, on or before Tuesday, March 10, 2015, at 4:00 PM** (the "Objection Deadline"), and delivered to the Trustee, Patricia E. Hamilton, at 917 SW Topeka Blvd., Topeka, Kansas 66612. **Any competing bid (a "Competing Bid") must be delivered to Charlene Herbers at 705 Arizona, Holton, Kansas 66436 by 4:00 p.m. on or before Tuesday, March 10, 2015** (the "Competing Bid Deadline"). Any Competing Bid must include an executed copy of a definitive offer having the same terms as the Motion (subject only to modification of the identity of the purchasers and the consideration to be paid), be a bid to purchase the Real Property as herein described, disclose all parties participating in the Competing Bid, provide for a bid at least $1,000 more than that of the proposed Buyer as set forth above. Delivery of any Competing Bid to the Realtor must also be accompanied by an earnest money deposit of $1,000, along with satisfactory evidence of the bidder's ability to close in the event the bidder is determined to have the highest and best bid.

14. Any party that submits a nonconforming bid by the Competing Bid Deadline shall be disqualified from bidding at an auction conducted during the hearing on this Motion. In addition, the Trustee is not obligated to entertain any bids that are not more favorable to the Estate than that of the proposed Buyer as indicated above.

15. In the event that a Competing Bid is received by the Competing Bid Deadline, along with an earnest money deposit of $1,000 and satisfactory evidence of the bidder's ability to close in the event the bidder has the highest and best bid, **the Trustee will conduct an auction (the "Auction") on Wednesday, March 11, 2015, at 4:00 PM at the offices of Charlene Herbers of United Country – Pagel Inc., Realty, 705 Arizona, Holton, Kansas 66436, at which time the**

5

**Buyer, along with any party having timely submitted a Competing Bid, may appear in person or by a designated agent (or by phone if satisfactory arrangements are made with the Trustee by March 10, 2015).** At the Auction, the Trustee shall announce the Competing Bids. The highest Competing Bid shall be the opening bid. All bids submitted after the opening bid shall be in increments of no less than $500. At the conclusion of the bidding, the Trustee shall announce the highest and best bid, as determined by the Trustee, and the Trustee shall submit highest and best bid to the Bankruptcy Court for approval. In the event that the party with the highest and best bid, as determined by the Trustee and as approved by the Bankruptcy Court, fails to Close as provided herein, then the Trustee shall retain the earnest money deposit and shall be authorized to accept the next highest and best bid and proceed to Close, or may seek to renotice the sale of the Real Property, at her sole discretion and subject to Bankruptcy Court approval. The Trustee reserves the right to limit the attendance at the Auction to the Buyer, qualified bidders, their respective agents and/or assigns, the Trustee's agents, the Debtor and creditors of the Bankruptcy Estate.

16. The Court will conduct a hearing on the Motion **on <u>Thursday, March 12 , 2015, at 9:00 AM</u> (or such time as the matter may be heard on the Court's docket), in the United States Courthouse, 444 SE Quincy, Room 240, Topeka, Kansas, 66683.**

17. In the event no objection is timely filed on or before the Objection Deadline and in the event no Competing Bid (along with the earnest money deposit and satisfactory evidence of the bidder's ability to Close) is received on or before the Competing Bid Deadline, the Trustee requests the Court enter an order approving this Motion under the terms and conditions set out herein.

18. The Trustee submits that the proposed sale represents the best disposition of the Real Property and is in the best interest of the Estate and Debtor's creditors.

6

19. The Trustee has mailed this Notice of the proposed sale ("**Notice**") along with this Motion, to the creditors, the parties in interest, the Debtor, the Tenants, and all other individuals who are entitled to receive the Notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Matrix**").

20. Rule 6004(g) of the Federal Rules of Bankruptcy Procedure provides that an Order authorizing the sale of the Bankruptcy estate property is stayed for ten (10) days after its entry date, unless the Court orders otherwise. The Trustee respectfully requests that the Order authorizing the sale of the Real Property be effective immediately to prevent any delays in Closing the sale.

21. Any entity that fails to timely file an objection to the Motion by the Objection Deadline shall be deemed to have consented to the relief sought in this Motion.

WHEREFORE, based on the foregoing, the Trustee requests an Order:

    a. Finding that the Notice of the Motion was accurate, appropriate, reasonable, and legally sufficient under the circumstances and in accordance with applicable Bankruptcy Code provisions and Bankruptcy Rules;

    b. Authorizing and directing the Trustee to execute and deliver all documents, instruments and agreements and to take all actions necessary or desirable to complete the sale of the Real Property;

    c. Authorizing the sale of the Real Property identified by contract pursuant to 11 U.S.C. § 363(b), (f) and (h), if applicable, free and clear of any and all encumbrances, claims, pledges, charges, interests, leases and liens (whether consensual, judgment, tax or otherwise), under the terms and conditions as more fully set out above;

    d. Authorizing the Trustee to pay all real estate taxes, closing costs, expenses and administrative costs related to the Sale;

    e. Authorizing and approving the payment of the Trustee's fee in the amount determined pursuant to Section 326 of the United States Bankruptcy Code to be paid from the net proceeds and authorizing the Trustee to retain the Net Proceeds to be distributed in accordance with the provision of the Bankruptcy Code and the orders of this Court;

7

Case 09-41061    Doc# 385    Filed 02/17/15    Page 7 of 11

f.  Finding that the Sale is effective immediately and that the stay period of Federal Rule of Bankruptcy Procedure 6004(g) does not apply, and

g.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Patricia E. Hamilton
Patricia E. Hamilton, KS Bar No. 13263
917 SW Topeka Blvd.
Topeka, KS 66612
785-408-8000 phone; 408-8003 fax
CHAPTER 7 TRUSTEE,
ATTORNEYS FOR CHAPTER 7 TRUSTEE

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the Motion for Approval of Sale of Real Property Free and Clear of Liens and Encumbrances Except as Provided Herein Pursuant to 11 U.S.C. § 363 Combined with Notice of Hearing was filed electronically on this 17th day of February, 2015, with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that a copy of the Motion for Approval of Sale of Real Property Free and Clear of Liens and Encumbrances Except as Provided Herein Pursuant to 11 U.S.C. § 363 Combined with Notice of Hearing was served by U.S. Mail, first class postage prepaid and properly addressed to those listed on the attached matrix and to the parties listed below.

Matt Pledger
3031 Greeley
Kansas City, KS 66104

Cathy Lutz
5815 SW 29th St.
Topeka, KS 66614

Joy Neely
PO Box 52
Perry, KS 66073

John Schonfeldt
9820 118th St.
Ozawkie, KS 66070

s/Patricia E. Hamilton
Patricia E. Hamilton

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1083-5<br>Case 09-41061<br>District of Kansas<br>Topeka<br>Tue Feb 17 14:14:40 CST 2015 | GMAC Inc.<br>c/o Riezman Berger P.C.<br>7700 Bonhomme Ave<br>7th Floor<br>St. Louis, MO 63105-1960 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, Fl 33131-1605 | Topeka Divisional Office<br>240 US Courthouse<br>444 SE Quincy<br>Topeka, KS 66683-3592 | AT&T<br>PO Box 5001<br>Carol Stream IL 60197-5001 |
| American Express<br>c/o Becket and Lee<br>Po Box 3001<br>Malvern PA 19355-0701 | American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | Bank of America<br>201 N Tryon<br>Charoltte NC 28202-1331 |
| CNH Capital America<br>233 Lake Ave<br>Racine WI 53403-1015 | Carl L. Falcone MD<br>PO Box 12365<br>Kansas City KS 66112-0365 | (c)CBE GROUP<br>131 TOWER PARK DR STE 100<br>WATERLOO IA 50701-9374 |
| Chase<br>Attn: Bankruptcy Dept<br>Po Box 100018<br>Kennesaw GA 30156-9204 | Chase - Cc<br>Po Box 15298<br>Wilmington DE 19850-5298 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 |
| (p)COMMUNITY AMERICA CREDIT UNION<br>POB 15950<br>LENEXA KS 66285-5950 | Community Health Care Systems<br>115 E. 5th Street<br>Holton KS 66436-1871 | Community Healthcare System Inc<br>Eric Bjelland Administrator<br>1603 W 4th<br>Holton KS 66436-1153 |
| Costco Wholesale<br>PO Box 15524<br>Willmington DE 19850 | Deffenbaugh Industries Inc<br>PO Box 3421<br>Shawnee KS 66203-0421 | Deligeorges & Wiles Eye Center<br>211 NE 54th Street #202<br>Kansas City MO 64118-4337 |
| Dish Network<br>PO Box 105169<br>Atlanta GA 30348-5169 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | GMAC<br>PO Box 130424<br>Saint Paul MN 55113-0004 |
| GMAC<br>PO Box 380901<br>Bloomington MN 55438-0901 | Gemb/walmart Dc<br>Attention: Bankruptcy<br>Po Box 103106<br>Roswell GA 30076-9106 | HSBC Bank<br>PO Box 525<br>Carol Stream IL 60132-0525 |
| Inter-State Federal Savings and Loan Associa<br>711 Minnesota Avenue<br>PO Box 171296<br>Kansas City KS 66117-0296 | Interstate Federal<br>711 Minnesota Ave<br>PO Box 171296<br>Kansas City KS 66117-0296 | Intrust Card Center<br>PO Box 2235<br>Wichita KS 67201-2235 |

| | | |
|---|---|---|
| Intrust Card Center<br>Po Box 2121<br>Wichita KS 67201-2121 | JC Penney<br>PO box 931131<br>El Paso TX 79998 | JD Pearl Sales<br>27425 Highway 24<br>Saint Marys KS 66536-9700 |
| Kansas Counselors<br>Po Box 14765<br>Shawnee Mission KS 66285-4765 | Kansas Department of Revenue<br>Civil Tax Enforcement<br>PO Box 12005<br>Topeka KS 66601-3005 | Kansas Farm Bureau<br>Intrust Card center<br>PO Box 1242<br>Wichita KS 67201-1242 |
| Karol L. Davis<br>5555 W. 58th Street<br>Mission KS 66202-2722 | Mazda American Credit<br>P O Box 553179<br>Detroit MI 48255-3179 | Mazda American Credit<br>PO Box 537950<br>Livonia MI 48153-7950 |
| Midland Funding LLC<br>By its authorized agent Recoser, LLC<br>25 SE 2nd Ave, Suite 1120<br>Miami, FL 33131-1605 | PYOD LLC its successors and assigns as assig<br>Citibank<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | Payment Protector<br>PO Box 105239<br>Atlanta GA 30348-5239 |
| Physicians Prefference Labs<br>PO Box 8660<br>Saint Louis MO 63126-0660 | Physicians Refference Labs<br>PO Box 8660<br>Saint Louis MO 63126-0660 | Providence Medical Center<br>PO Box 413133<br>Kansas City MO 64141-3133 |
| Recovery Management Systems Corporation<br>For GE Money Bank<br>dba Sams Club Discover<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131-1605 | Recovery Management Systems Corporation<br>For GE Money Bank<br>dba Wal Mart Discover Card<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131-1605 | U.S. Trustee<br>Office of the United States Trustee<br>301 North Main Suite 1150<br>Wichita, KS 67202-4811 |
| United Medical Group<br>PO Box 410186<br>Kansas City MO 64141-0186 | United Medical Group LLC<br>5701 State Ave Ste 100<br>Kansas City KS 66102-1281 | (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 |
| WFS/Wachovia Dealer Services<br>PO Box 1697<br>Winterville NC 28590-1697 | William D. Walters<br>5555 W. 58th Street<br>Mission KS 66202-2722 | Matt A Pledger<br>18627 N. Cedar Rd<br>Valley Falls, KS 66088-5028 |
| Patricia E Hamilton<br>Stevens and Brand, LLP<br>917 SW Topeka Blvd<br>Topeka, KS 66612-1609 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
271 W 3rd St N Ste 3000
Stop 5333 WIC
Wichita, KS 67202

Community America Credit Union
9777 Ridge Dr
Lenexa kS 66219

Elan Fin Stl
Po Box 260
Waukegan IL 60079

(d)Internal Revenue Service
PO Box 21126
Philadelphia PA 19114

(d)U.S. Bank N.A.
P.O. Box 5229
Cincinnati, OH 45201

Unvl/citi
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City MO 64195

(d)Us Bank/na Nd
4325 17th Ave S
Fargo ND 58125

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Cbe Group
131 Towe Park Dr Suite 1
Waterloo IA 50702

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CFAM - Consumer Finance Asset Management

(u)Inter-State Federal Savings & Loan Associa

(u)Mazda American Credit

(d)GMAC
PO Box 380901
Bloomington MN 55438-0901

End of Label Matrix
Mailable recipients    54
Bypassed recipients     4
Total                  58