Prepared By:
Lawyers Title of Topeka, Inc.
5715 SW 21st Street
Topeka, KS 66604
(785) 271-9500



**Lawyers Title of Topeka, Inc.**
TITLE INSURANCE & REAL ESTATE CLOSING

**Agent for: Fidelity National Title Insurance Company**

C.N. 32879

# SCHEDULE B – SECTION 1
# REQUIREMENTS

The following are the requirements to be complied with:

Item (a) Payment to or for the account of the grantors or mortgagors of the full consideration for the estate or interest to be insured.

Item (b) Proper instrument(s) creating the estate or interest to be insured must be executed and duly filed for record, to wit:

1. **Require payment of real estate taxes and any special assessments due and payable therewith for all of the years 2012 and 2013.**
   **2013 Real Estate Taxes - $4,363.52**
   **(ID Number - 073-06-0-00-00-002-00-0)**

   **(The above tax data is provided as a courtesy only, and no liability is assumed by the title company for providing the tax amount. Prior to closing this transaction, a check must be made at the office of the County Clerk to verify that the Identification Number, legal description, general taxes and special assessments are correct and complete.)**

2. **Require cancellation and release of record of Mortgage dated May 22, 2000, executed by Matt A. Pledger, a single person, to Bernard J. and Rita A. Darveaux, husband and wife, in the face amount of $60,000.00, recorded May 22, 2000, as set out in Book 520 Page 121.**
   **NOTE: Said Requirement can be satisfied by proper Granting Trustee's Motion for Approval to Sell Real Property Free and Clear of Liens and Encumbrances filed per Requirement No. 3 herein.**

3. **We require properly certified copies of the following document from United States Bankruptcy Court Case No. 09-41061, entitled In re Matt A. Pledger, debtor, be filed with the Office of the Register of Deeds of Jefferson County, Kansas:**
   **a) Notice of Bankruptcy Case Filing; (will be waived if previously filed)**
   **b) Trustee's Bond; (will be waived if previously filed)**
   **c) Motion for Approval to Sell Real Property Free and Clear of Liens and Encumbrances; Combined with Notice With Opportunity for Hearing; and**
   **d) Order Granting Trustee's Motion for Approval to Sell Real Property Free and Clear of Liens and Encumbrances.**

(Continued on next page)

Case 09-41061   Doc# 388   Filed 02/17/15   Page 1 of 14

**EXHIBIT**

*1*

tabbies

Prepared By:
Lawyers Title of Topeka, Inc.
5715 SW 21st Street
Topeka, KS 66604
(785) 271-9500



Agent for: Fidelity National Title Insurance Company

C.N. 32879

## SCHEDULE B – SECTION 1
## REQUIREMENTS

4.  Furnish Trustee's Deed properly executed by Patricia E. Hamilton, Bankruptcy Trustee for the Bankruptcy Estate of Matt A. Pledger, debtor, to (Buyer To Be Determined); together with Kansas real estate sales validation questionnaire fully completed and signed to accompany said Deed.

     **NOTE: SAID DEED TO BE PREPARED BY THE ATTORNEY FOR THE TRUSTEE.**

5.  Return for supplemental report.

Note:       If a mobile/manufactured home is located on captioned property, alert this office and return for supplemental report.

Note:       If we are closing this transaction we must have a Cashiers Check, Certified Check or Wired Funds. We will not accept Comptrollers Warrants or Personal Checks. Wiring Instructions will be furnished upon request.

Note:       TO EXPEDITE POLICY ISSUANCE, Mortgage Assignment and Releases should be mailed directly to our Release Department. Please refer to our Case Number when corresponding about this file.

SCHEDULE B – SECTION 1 - Page 1
This commitment is invalid unless the Insuring Provisions of Schedules A and B are attached.

Case 09-41061   Doc# 388   Filed 02/17/15   Page 2 of 14

Prepared By:
Lawyers Title of Topeka, Inc.
5715 SW 21st Street
Topeka, KS 66604
(785) 271-9500



**Agent for: Fidelity National Title Insurance Company**

C.N. 32879

## SCHEDULE B – SECTION 2
## EXCEPTIONS

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company.

1. **Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the Effective Date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.**

2. **Rights or claims of parties in possession not shown by the public records.**

3. **Easements or claims of easements, not shown by the public records.**

4. **Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land.**

5. **Any lien, or right to a lien, for services, labor or material heretofore or hereinafter furnished, imposed by law and not shown by the public records.**

6. **Taxes or special assessments which are not shown as existing liens by the public records; also taxes and assessments for the year 2014 and subsequent years.**

7. **Public roads and highways.**

8. **Terms and conditions of an Easement dated March 23, 1987 executed in favor of the Delaware Watershed Joint District No. 10 as recorded February 12, 1988 in Book 371, Page 77 and corrected in Book 375 Page 308.**

9. **Mineral Reservation as set out in a deed executed by Union Central Life Insurance Company as recorded October 21, 1949 in Book 204, Page 220, SUBJECT TO a Statement of Claim for Severed Mineral Interest executed by The Union Central Life Insurance Company as recorded June 4, 1984 in Book 333, Page 690 AND Subject to a Mineral Reservation as set out in a deed executed by Willard E. & Barbara C. Benson as recorded June 3, 1985 in Book 345 Page 312.**

### [Continued on Next Page]

Note: All restrictions, if any, omit any covenant, condition or restriction based on race, color, religion, sex, handicap, familial status or national origin, unless and only to the extent that the restriction is not in violation of state or federal law, or relates to a handicap, but does not discriminate against handicapped people.

Note: If policy is to be issued in support of a mortgage loan, attention is directed to the fact that the Company can assume no liability under its policy, the closing instructions, or Insured Closing Service for compliance with the requirements of any consumer credit protection or truth in lending law in connection with said mortgage loan.

SCHEDULE B – SECTION 2 - Page 1
This commitment is invalid unless the Insuring Provisions of Schedules A and B are attached.

Prepared By:
Lawyers Title of Topeka, Inc.
5715 SW 21st Street
Topeka, KS 66604
(785) 271-9500



# Lawyers Title of Topeka, Inc.
TITLE INSURANCE & REAL ESTATE CLOSING

Agent for: Fidelity National Title Insurance Company

C.N. 32879

## SCHEDULE B – SECTION 2
## EXCEPTIONS

10. Terms and conditions of an Easement dated December 15, 1971 executed in favor of Rural Water District No. 3 for a 30 foot Water Line Easement and appurtenances thereto, together with the right of ingress and egress. Recorded December 6, 1972 in Book 269, Page 475.

11. Any part taken or used for a Right of Way for the transmission of liquid hydrocarbons in interstate commerce as set out in Jefferson County District Court Case 79C138 filed September 26, 1979, said case being entitled, "Hydrocarbon Transportation, Inc., a corporation, -vs- WILLARD E. BENSON and BARBARA C. BENSON, et al." and the Petition for said case being filed August 4, 1992 in Book 404 Page 597.

12. Kansas State Board of Health Regulation 28-10-32 and Official Map Drawing 69-17 filed February 12, 1970 in Book 260, Page 230 in the office of the Register of Deeds, Jefferson County, Kansas, which includes subject real estate in the Perry Reservoir Sanitation Zone.

13. Terms and conditions of an Agreement executed by and between Bernard J. Darveaux and Rita A. Darveaux and the Delaware Watershed Joint District No. 10. Recorded April 18, 2000 in Book 518 Page 522.

Note: All restrictions, if any, omit any covenant, condition or restriction based on race, color, religion, sex, handicap, familial status or national origin, unless and only to the extent that the restriction is not in violation of state or federal law, or relates to a handicap, but does not discriminate against handicapped people.

Note: If policy is to be issued in support of a mortgage loan, attention is directed to the fact that the Company can assume no liability under its policy, the closing instructions, or Insured Closing Service for compliance with the requirements of any consumer credit protection or truth in lending law in connection with said mortgage loan.

SCHEDULE B – SECTION 2 - Page 2
This commitment is invalid unless the Insuring Provisions of Schedules A and B are attached.



# REAL ESTATE CONTRACT
Uniform Contract for Topeka Area Association of REALTORS®, Inc.

CONTRACT PREPARATION DATE: _____1/30/15_____

SELLER (Name & marital status): _Patricia E. Hamilton, Bankruptcy Trustee_

BUYER (Name & marital status): _Logan J Coder, Single_

Do you want to take title in joint tenancy with right of survivorship? ☐ Yes ☒ No

FOR GOOD AND VALUABLE CONSIDERATION, Buyer and Seller agree as follows:

**PROPERTY:** Seller agrees to sell and Buyer agrees to buy the following described real estate located in _Jefferson_ County, KS:
Legal Description (Correct legal description to appear on deed as per title evidence):

commonly known and described as _18627 N Cedar Rd. Valley Falls, Ks 66088_
(Address)     City     State     Zip

The real estate, together with attached improvements, shall include, if present: gas heaters; attic fan and/or ceiling fans; heating & cooling systems; all window air conditioning unit(s); lighting; plumbing; attached fireplace screens and doors; bathroom mirrors and attached mirrors; window and porch shades, shutters, storm windows, and storm doors; keys; screens; all attached and unattached window and door coverings now in place; attached curtain and drapery rods; awnings; TV antenna, antenna rotor, TV wall mounts; built-in sound equipment; water softener (if owned); attached outside cooking units; gas lights; automatic garage door equipment including remote transmitter(s); attached and unattached wall-to-wall carpeting; built-in kitchen appliances; shelves; fire, smoke, carbon monoxide, and burglary detection systems (if owned); mail boxes; installed water well pumps; rural water meters/certificates; propane tank(s) (if owned), including any remaining propane in the tank at the time of possession; swimming pool and all pool equipment; all flowers, trees, and shrubs; and anything else buried, nailed, bolted, screwed, glued, or otherwise permanently affixed to the premises, or any improvements thereon, with the following exceptions:

_____

_____

2. **PURCHASE PRICE & FINANCING:** The total purchase price is $ _219,900_
_Two Hundred Nineteen Thousand Nine Hundred and 00/100_ Dollars,
payable as follows:

(a) $ _1,000_ in the form of _Personal check_ as earnest money. This earnest money is deposited as a good faith assurance that Buyer shall fulfill the terms and conditions of this Contract. Said earnest money shall be applied to Buyer's acquisition costs at closing. _upon acceptance_

(b) The remaining balance of the purchase price to be paid (check applicable box):

☐ (i) **CASH:** In cash, $ _____ as follows: _____
Any applicable closing fee shall be paid by _____.

☐ (ii) **ASSUMPTION OF EXISTING MORTGAGE:** See attached Addendum.
Any applicable closing fee shall be paid by _____.

☐ (iii) **INSTALLMENT SALE:** See attached Addendum.
Any applicable closing fee shall be paid by _____.

☒ (iv) **NEW MORTGAGE:** In cash, including the proceeds of a new mortgage loan hereinafter described. This Contract is conditioned upon Buyer obtaining a loan approval from _USDA_

_not PEH_   _2/13/15_

_____ Seller(s)   _____ Buyer(s)

©Copyright Topeka Area Association of REALTORS®, Inc.

Page 1 of 8
Revised 10/2013

United Country Pagel Realty & 705 Arizona Holton, KS 66436
Phone: (785)364-2456     Fax: (785)364-3733     Beth Pagel

Untitled

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

EXHIBIT
2

(lender) of not less than $ _____365,900_____ with interest at _____1.5_____ % per annum, or less, payable over a period of _____20_____ years, secured by a first real estate mortgage against the above-described property.

Buyer shall finalize a loan application including any lender application fees not later than five (5) business days after the date this Contract is executed and shall exercise all reasonable efforts to secure the same. In the event loan approval is not obtained by the contract closing date, this Contract can be cancelled at the option of either Buyer or Seller, whereupon each party shall be relieved of any further obligation to complete this transaction. In the event compliance inspections are required, _____ shall pay the fees not to exceed $ _____ unless the other party agrees to pay the balance to keep the contract in force. If it is necessary to activate any utilities to perform requested appraisals, Seller or Seller's Representative will ensure activation of utilities at Seller's expense.

☒ **CONVENTIONAL LOAN:** Type of conventional loan: USDA Farm Loan (fixed or adjustable) It is expressly agreed that, notwithstanding any other provisions of this Contract, Buyer shall not be obligated to complete the purchase of the property, or incur any penalty by forfeiture of earnest money or otherwise, if the appraised value of the property is less than the purchase price. However, Buyer may proceed with the purchase without regard to the amount of the appraised valuation.

PEH
Leven PEH
2-12-15

☐ **VA LOAN:** The VA loan amount, plus any funding fee not paid in cash as outlined below, shall be guaranteed by the Department of Veteran Affairs. _____ shall pay the discount necessary to secure such VA loan up to a maximum of _____ % of the loan amount. The funding fee, not to exceed _____ % of the loan, shall be paid by _____ as follows: _____ .

It is expressly agreed that, notwithstanding any other provisions of this Contract, Buyer shall not be obligated to complete the purchase of the property, or incur any penalty by forfeiture of earnest money or otherwise, if the Contract purchase price exceeds the reasonable value of the property established by the Department of Veterans Affairs. However, Buyer may proceed with the purchase without regard to the amount of the reasonable value as established by the Department of Veterans Affairs.

Seller shall, in addition to any other sums provided for herein, pay all costs associated with obtaining the Buyer's loan which the Department of Veterans Affairs will not permit Buyer to pay, provided said costs do not exceed $ _____ .

☐ **FHA LOAN:** The _____ FHA loan amount, plus any mortgage insuring fee not paid in cash as outlined below, shall be insured by the Federal Housing Administration. _____ shall pay the discount necessary to secure such FHA insured loan up to a maximum of _____ % of the loan amount. The mortgage insurance fee, not to exceed _____ % of the loan, shall be paid by _____ as follows: _____ . An additional insuring fee of _____ % shall be paid by Buyer in monthly installments.

It is expressly agreed that, notwithstanding any other provisions of this Contract, Buyer shall not be obligated to complete the purchase of the property, or to incur any penalty by forfeiture of earnest money or otherwise, unless the Buyer has been given, in accordance with HUD/FHA or VA requirements, a written statement by the Federal Housing Commissioner, Department of Veterans Affairs, or a Direct Endorsement lender setting forth the appraised value of the property of not less than $ _____ (purchase price). The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value or the condition of the property. Buyer should satisfy himself that the price and condition of the property are acceptable.

Seller shall, in addition to any other sums provided for herein, pay all costs associated with obtaining the Buyer's loan which the FHA will not permit Buyer to pay, provided said costs do not exceed $ _____ .

3. **CLOSING & POSSESSION:** This Contract shall be closed on or before 5:00 P.M. Mar 27 2015 (date) with possession to be delivered to Buyer on or before 5:00 P.M. Mar 27 2015 (date).

PEH _____ Seller(s)          _____ Buyer(s)

©Copyright Topeka Area Association of REALTORS®, Inc.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Page 2 of 8
Revised 10/2013
Untitled

4. **TAXES & OTHER ITEMS TO BE PRORATED:** Taxes and assessments and any required Homeowner Association dues and/or insurance due and payable for the calendar year _2014_, and all prior years, and a pro rata share of the _2015_ taxes, assessments, required Homeowner Association dues, and insurance as of date of _closing_, (based on _2014_ general taxes and _N/A_ special assessments, if any), shall be paid by Seller. All taxes and assessments and any required Homeowner Association dues and/or insurance that may be levied, imposed, or become payable after said time, shall be assumed and paid by Buyer. The parties acknowledge that the taxes may be substantially higher or lower than the previous year's taxes due to Kansas law requiring periodic reappraisal. In the event of special assessments, see attached Seller's Special Assessment Disclosure Addendum. *(K.S.A. 12-601 et seq. and amendments thereto)*

5. **MARKETABLE TITLE:** Seller shall make available to Buyer prior to closing of this Contract, at Seller's expense, as evidence of marketable title, a standard owner's preliminary title insurance report, and, after closing of this Contract, a standard owner's title insurance policy that will insure Buyer against loss or damage to the extent of the total purchase price by reason of defects in the Seller's title to said real estate, subject to the exceptions below. If the Seller shall be unable to deliver marketable title as herein provided, this Contract shall be of no further force or effect.

Seller shall convey title by General Warranty Deed, or a deed acceptable to the title company issuing the title insurance, to be delivered to Buyer at the closing of this Contract upon receipt of the total purchase price, free of all liens and encumbrances except:

    (a) Zoning, conditions, restrictions, deed restrictions, reservations, rights of way, and easements of record, if any, which do not materially affect the value or prohibit the use of the property for _Ag_ ;

    (b) Encumbrances created by the Buyer;

    (c) Installments, if any, of special assessments not yet due; _PEH_ _2-13-15_

    (d) Tenants rights _None Known_ _PEH_

    (e) Other exceptions _None Known_

6. **LIENS:** Seller shall pay all contractors, subcontractors, laborers, or suppliers for all work done or material furnished to the property prior to the closing of this Contract which might form the basis of a mechanic's lien. Seller shall indemnify and hold Buyer and real estate companies and licensees involved in this transaction harmless from any obligation for payment of any amounts by reason of any mechanic's liens which may be filed for labor performed or material furnished prior to the closing of this Contract, _as per Order of the Bankruptcy Court. PEH_

7. **ESCROW:** _United Country - Page, Inc. Realty_ is hereby designated as escrow agent of both parties. All monies paid and to be paid, prior to the closing of this transaction, and the deed and other papers that may be delivered hereunder, shall be paid and delivered to said escrow agent, who shall hold and then pay and deliver the same to the respective parties entitled thereto upon full performance of all the terms of this Contract.

If this Contract is canceled at the option of one of the parties hereto under the provisions of sections 2, 5, 9, 10, 13, or 15, Buyer's earnest money shall be returned to Buyer, less the cost of any reports, inspections, or other costs Buyer is obligated to pay under this Contract. Buyer agrees to pay immediately any costs that exceed the earnest money. Upon completion of disposition of the earnest money and payment of said costs pursuant hereto, this Contract shall be of no further force or effect, and all parties to this Contract and real estate companies and their agents shall be released from further liability hereunder.

Notwithstanding any other terms of this Contract providing for forfeiture or refund of the earnest money, the parties understand that applicable Kansas real estate laws prohibit the escrow agent from distributing the earnest money, once deposited, without the consent of all parties to this Contract. Buyer and Seller agree that failure by either to respond in writing to a certified letter from Broker within seven days of receipt thereof or failure to make written demand for return or forfeiture of earnest money within 30 days of notice of cancellation of this Contract shall constitute consent to distribution of the earnest money as suggested in any such certified letter or as demanded by the other party hereto.

Buyer and Seller agree that the Escrow Agent may retain any interest earned on escrowed funds.

8. **INTERIM MAINTENANCE:** Seller shall maintain the property and improvements in its present condition and deliver possession in a like or better condition than present, reasonable wear and tear excepted, _except that Seller shall not warrant the condition of any property or improvements and Buyer agrees to accept possession of the property in its condition at the time of closing. PEH_

_PEH_      Seller(s)      _LLC_      Buyer(s)      _2-13-15_

©Copyright Topeka Area Association of REALTORS®, Inc.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Page 3 of 8
Revised 10/2013
Untitled

*had no insurance for the* PEH JW 2-13-15

9. **PROPERTY INSURANCE & LOSS:** Seller ~~agrees to maintain in force, until the closing of this Contract, all~~ property ~~insurance now in effect~~ on the improvements. ~~In the event of loss or damage to the improvements prior to the closing of this Contract, the insurance proceeds, plus any deductible to be paid by Seller, shall, at the option of Buyer, be used to repair damage or applied to reduce the purchase price. If proceeds are inadequate to restore the improvements to substantially their same condition as before loss or damage, or in the event of an uninsured loss, this Contract may be canceled at the option of either Seller or Buyer.~~

Buyer will obtain an insurance binder by ___*Closing*___ (date).

**ALERT:** Buyer needs to be aware that federally designated high risk flood areas are subject to change. Buyer should consult their insurance agent. (For more information about Shawnee County, go to www.snmapmod.ks.us).

10. **LEAD-BASED PAINT:** *If the property for this transaction includes a dwelling built prior to 1978, the attached DISCLOSURE OF INFORMATION AND ACKNOWLEDGMENT LEAD-BASED PAINT AND/OR LEAD-BASED PAINT HAZARDS is made part of this Contract.*

11. **HOME WARRANTY:** _____ (Listing or Selling) Company is authorized to obtain by _____ (date) or ( ) warranty is in effect and _____ agrees to pay for a Home Protection or Warranty Plan from _____ . Coverage shall be as described in the plan selected, with a deductible of $ _____ per occurrence, at a cost not to exceed $ _____ . Buyer understands that certain systems, components, pre-existing conditions and/or other structures may be limited or not be covered by said home warranty. Broker may receive a fee from warranty company.

| Offered to Buyer & Declined |
|---|
| ___*XJL*___    The home warranty in section 11 was offered to Buyer(s) and declined. |

12. **DISCLOSURES:**

12a. **PROPERTY CONDITION:** Buyer has carefully inspected the property, and, subject to any inspections included in this Contract, agrees to purchase the property in its present condition. No warranties or guarantees of any kind are made by Seller or any real estate licensee concerning the condition or value of the property, unless expressly set forth in this Contract or specifically implied by Kansas law. Buyer acknowledges that neither Seller nor any real estate licensee involved in this transaction is an expert at detecting or repairing physical defects in the property. Except for information provided in the Seller's Property Disclosure Statement, Buyer states no important representations concerning the condition of the property are being relied upon by Buyer.

Buyer acknowledges that defects or conditions concerning the property may exist of which Seller may not be aware, but could be revealed as a result of an inspection by a qualified professional.

Buyer acknowledges receipt and acceptance of Seller's Property Disclosure Statement dated ___*1/20/15*___ .

Buyer agrees to verify, by an independent investigation, information Buyer deems important. Buyer has been advised to have the property examined by professional inspectors. Buyer acknowledges that no important representations have been made by any real estate licensee, and further, that none have been made by Seller other than the information provided in the Seller's Property Disclosure Statement.

12b. **STATE REQUIRED DISCLOSURES:**

**REGISTERED OFFENDERS:** Kansas law requires persons who are convicted of certain crimes, including certain sexually violent crimes, to register with the sheriff of the county in which they reside. If you, as the buyer, desire information regarding those registrants, you may find information on the homepage of the Kansas Bureau of Investigation (KBI) at http://www.Kansas.gov/kbi or by contacting the local sheriff's office.

**RADON:** Every buyer of residential real property is notified that the property may present exposure to dangerous concentrations of indoor radon gas that may place occupants at risk of developing radon-induced lung cancer. Radon, a class-A human carcinogen, is the leading cause of lung cancer in non-smokers and the second leading cause overall. Kansas law requires sellers to disclose any information known to the seller that shows elevated concentrations of radon gas in residential

___PEH___ Seller(s)    ___XJL___ Buyer(s)

© Copyright Topeka Area Association of REALTORS®, Inc.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Page 4 of 8
Revised 10/2013
Untitled

Case 09-41061    Doc# 388    Filed 02/17/15    Page 8 of 14

real property. The Kansas Department of Health and Environment recommends all homebuyers have an indoor radon test performed prior to purchasing or taking occupancy of residential real property. All testing for radon should be conducted by a radon measurement technician. Elevated radon concentrations can be easily reduced by a radon mitigation technician. For more information, please go to http://www.kansasradonprogram.org.

13. **INSPECTIONS:** The purpose of conducting an inspection is to evaluate the present condition of the property and its major systems. Buyer and Seller agree that whenever the term "as is" condition is used herein, the term shall be deemed to mean its "present existing condition" without warranty, except for warranties specifically implied by Kansas law or expressly set forth in this Contract. The parties further agree that the inspections selected by them shall be included as terms and/or conditions of said Contract, while the inspections initialed as declined have been offered and are not made part of this Contract. Seller shall afford Buyer reasonable access to the property to conduct the inspections, re-inspections, inspection of any repairs or replacements completed by Seller, and/or final walk-through prior to closing. Buyer and Seller authorize all inspection reports to be provided in writing to all parties and all real estate licensees involved in this transaction. Buyer and Seller agree that any repairs or replacements which are performed pursuant to the following provisions shall be completed in a workmanlike manner.

13a. **BUYER WAIVER OF INSPECTION(S):**

_William_ (initials) _____ Buyer agrees to accept the property in its "as is" condition without any inspections.

13b. **WOOD DESTROYING INSECT INFESTATION INSPECTION:** Listing Company is authorized to obtain by _____ (date), and _____ agrees to pay for a wood destroying insect infestation inspection of subject property by _____ (a state licensed pest control company of Buyer's choice), at a cost not to exceed $ _____ . A written report from said company shall be furnished showing the main structure and any attachments thereto, detached garage and/or outbuildings, should there be any, to be free of visible evidence of wood infestation. If evidence of wood infestation is present, Buyer may cancel this Contract unless Seller agrees to pay for treatment of the infestation by a licensed pest control company. If any structural damage has been caused by infestation, Buyer may cancel this Contract unless Seller agrees to repair said damage.

13c. **WASTE WATER DISPOSAL INSPECTION:** Listing Company is authorized to obtain by _____ (date), and _____ agrees to pay for an inspection of the private wastewater disposal system of subject property by the applicable County Department or their designee. If written inspection report shows the private waste water disposal system to have deficiencies, Buyer may, at his option, accept the property in its "as is" condition, or cancel this Contract; however, Seller may, at his option, keep this Contract in force by paying for any repairs, replacements, or modifications deemed necessary to correct such deficiencies.

13d. **BOUNDARY LOCATION:** Listing Company is authorized to obtain by _____ (date) (20 days after contract acceptance if left blank), and _____ agrees to pay for either:

☐ a Mortgagee Title Inspection, or

☐ a Boundary and Improvement Location Survey, or

☐ an ALTA Survey

by _____ , a licensed surveyor. If encroachments are found which affect marketable title, Buyer may, at his option, accept the property in its "as is" condition, or cancel this Contract; however, Seller may, at his option, keep this Contract in force by paying for the cost of correcting the defect.

13e. **EXCLUSIONS FROM INSPECTION(S):** Any items that are strictly of a cosmetic nature that do not pertain to the mechanical or structural integrity or safety of the property are excluded. Inspections are not intended to identify features of the property which Buyer has already considered in determining the purchase price. An unacceptable condition or deficiency is any functional defect or any condition detrimental to health or safety of occupants.

13f. **ADDITIONAL INSPECTIONS:** Buyer or Buyer's representative, at Buyer's expense, shall have the right, on or before _____ (10 days after contract acceptance if left blank) to conduct inspection(s) as selected herein to evaluate the present condition of the property and its major systems under conditions set forth in

_____ Seller(s)    _____ Buyer(s)

©Copyright Topeka Area Association of REALTORS®, Inc.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Page 5 of 8
Revised 10/2013
Untitled

paragraph 13 of the contract. Buyer may have the property inspected, including, without limitation, the following:

(a) mechanical equipment, plumbing and electrical system, heating and central air conditioning system(s);

(b) structural aspects of the property, including the following: foundation, slab, drainage, roof, fireplace, chimney, siding, windows, doors, ceilings, floors, walls, insulation, the interior, the exterior, fence, deck, patio, sidewalk, or driveway; and

(c) environmental or health hazards affecting the property, including the following: radon gas, asbestos, mold or any other health hazard.

Listing Company is authorized to schedule and obtain the following written inspection reports. All specific inspections are to be performed by acknowledged contractors or professionals who are registered or licensed when registration or licensing is required. If it is necessary to activate any utilities to perform requested inspections, Seller or Seller's Representative will ensure activation of utilities at Seller's expense.

| Type of Inspection | Inspector/Inspection Company | Estimated Cost |
|---|---|---|
| ☐ EIFS/Siding | | |
| ☐ Electrical | | |
| ☐ Fireplace & chimney *(and cleaning if necessary)* | | |
| ☐ Foundation | | |
| ☐ Heating & air conditioning | | |
| ☐ Mold &/or mildew | | |
| ☐ Plumbing | | |
| ☐ Radon | | |
| ☐ Roof | | |
| ☐ Sewer cam *(and cleaning if necessary)* | | |
| ☐ Sewer snake augered | | |
| ☐ Structural | | |
| ☐ Whole house | | |
| ☐ Other | | |
| ☐ Other | | |
| ☐ Other | | |

NONE

**Offered to Buyer & Declined**

_____ Buyer has been advised to obtain expert advice from inspectors regarding each of the inspections in section 13. Each inspection not selected by Buyer was offered to Buyer and declined.

13g. **RESULTS OF INSPECTION ADDENDUM:** Buyer shall, not later than 5:00 p.m. on the fifth calendar day after the date specified by Paragraph 13f, deliver to Seller or Seller's Representative the Results of Inspection Addendum stating that Buyer either accepts the property in its "as is" condition or that Buyer intends to negotiate with Seller regarding

_____ Seller(s)   _____ Buyer(s)

©Copyright Topeka Area Association of REALTORS®, Inc.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Page 6 of 8
Revised 10/2013
Untitled

unacceptable conditions as determined by Buyer. For purposes of meeting the delivery deadline of this paragraph, Buyer and Seller agree that physical delivery to the Seller's Representative's Broker's office on or before 5:00 p.m. or electronic delivery by fax or email to the Seller's Representative sent on or before 5:00 p.m. on the required date shall constitute valid delivery. If Buyer opts not to conduct inspection(s) or fails to deliver the completed Results of Inspection Addendum to Seller or Seller's Representative as provided for above, Buyer shall be deemed to have waived any right to negotiate repairs, accepts the property in its "as is" condition, and agrees to proceed to closing in compliance with the remainder of this Contract.

14. **REAL ESTATE BROKERAGE RELATIONSHIPS:** (APPLICABLE SECTIONS MUST BE CHECKED)

Pursuant to the following:

- Listing Licensee, _Charlene Herbers_
  of _LLC - Pagel The Realty_ _____ is functioning as: (Mark appropriate response)

  ☐ Transaction Broker          ☐ Designated Seller's Agent (Supervising Broker acts as a Transaction Broker.)

  ☒ Seller's Agent

- Selling Licensee, _Charlene Herbers_
  of _LLC - Pagel The Realty_ _____ is functioning as: (Mark appropriate response)

  ☐ Transaction Broker          ☐ Designated Buyer's Agent (Supervising Broker acts as a Transaction Broker.)

  ☐ Buyer's Agent               ☐ Designated Seller's Agent (Supervising Broker acts as a Transaction Broker.)

  ☒ Seller's Agent

Buyer and Seller acknowledge that the real estate licensees involved in this transaction may be functioning as agents of the Seller, agents of the Buyer, a Transaction Broker, or as Designated Agent(s) to represent the Seller or the Buyer. Licensees functioning as an agent of the Seller have a duty to represent the Seller's interest and will not be the agent of the Buyer. INFORMATION GIVEN BY THE BUYER TO AN AGENT FOR THE SELLER WILL BE DISCLOSED TO THE SELLER. Licensees functioning as an agent of the Buyer have a duty to represent the Buyer's interest and will not be the agent of the Seller. INFORMATION GIVEN BY THE SELLER TO AN AGENT FOR THE BUYER WILL BE DISCLOSED TO THE BUYER. A Broker or licensee, acting as a Transaction Broker, is not an agent for either the Seller or the Buyer and does not advocate the interests of either party, but is responsible for assisting both parties in closing the transaction. Buyer and Seller acknowledge that Real Estate Brokerage Relationships brochures have been furnished to them prior to entering into this Contract as prescribed by law.

15. **PREVIOUS CONTRACT:** It is expressly understood and acknowledged that there is currently in force and effect a Real Estate Contract with a previous Buyer for this property. It is further understood that this Contract is contingent upon the previous Contract being declared null and void before _____ (A.M.) (P.M.), _____ (date). In the event said previous Contract is not declared null and void by said time, this Contract shall automatically become null and void and all earnest money paid hereunder shall be returned to Buyer.

16. **TIME IS OF THE ESSENCE:** If Buyer fails to comply with any of the terms of this Contract, this Contract shall, at the option of Seller, become null and void, and all rights of Buyer shall then terminate, and all monies paid and improvements made hereunder shall be retained by Seller as rent and as liquidated damages for said default by Buyer. In such event, Seller shall be entitled to possession of said real estate, free of all right, title, and interest of Buyer, and all parties shall be released from all further liability hereunder. If Seller does not exercise this option to cancel this Contract, Seller may exercise any other legal rights and remedies available to Seller under Kansas law.

17. **ELECTRONIC SIGNATURES:** Buyer and Seller agree that this transaction may be conducted through electronic means according to the Kansas Uniform Electronic Transactions Act. An "electronic record" means a record created, generated, sent, communicated, received, or stored by electronic means. An "electronic signature" means an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to

_____ Seller(s)          _____ Buyer(s)

©Copyright Topeka Area Association of REALTORS®, Inc.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

sign the record. No real estate licensee in Kansas shall, unless authorized to do so by a duly executed power of attorney, sign or initial any written or electronic contractual agreement on behalf of a party to this Contract.

## 18. ADDITIONAL PROVISIONS:

*Home is uninhabitable & selling "as is." Personal property removed & Buyer to inspect & accept prior to closing.*

*Mineral rights transfer to Buyer ~~to the extent owned by the Seller~~ PEN ₤₤ 2-13-15*

*2 water meters transfer to Buyer*

*Contingent upon Buyer inspecting all farm sheds on/or before Feb 17, 2015 & accepting same.*

*Utility bills + all RE taxes paid up-to-date at closing.*

*This offer is subject to Bankruptcy Court's final approval and exceptions noted on htt report, Schedule B, Section 2, attached. PEN ₤₤₤ 2-13-15*

This Contract constitutes the entire Contract between the parties and there are no representations, warranties, conditions, contracts, or agreements other than those expressly set forth herein. No other agreement, statement, promise, warranty, or representation made by any party to this Contract or by any employee, officer, or agent of any party, that is not in writing and signed by all parties to this Contract, shall be binding.

This Contract shall extend to and become binding upon the heirs, executors, administrators, successors, and assigns of the respective parties. Prior to the closing of this Contract, Buyer shall not sell, assign, or transfer this Contract or any interest in said property without first obtaining the written consent of Seller.

**THIS IS A LEGALLY BINDING CONTRACT. IF NOT UNDERSTOOD, SEEK THE ADVICE OF AN ATTORNEY.**

IN WITNESS WHEREOF, the parties have executed this Contract as of the date last signed or initialed.

SELLER _Patti E. Hennotte Trustee 2/10/15_        BUYER _Logan Lode_
_____ Date                _____ 1-30-15 Date

_____ Date                _____ Date

## RECEIPT BY ESCROW AGENT

The undersigned hereby acknowledges receipt of $ _1,000_ as earnest money and agrees to act as Escrow Agent. In the event Seller executes and delivers a deed prior to closing, said deed shall be delivered to said Buyer by the Escrow Agent upon the closing of this Contract, pursuant to its terms.

This receipt is executed _2/13/15_ (date)

Company _LC Pagel Inc, Realty_        By _Beth E. Pagel_

©Copyright Topeka Area Association of REALTORS®, Inc.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Case 09-41061    Doc# 388    Filed 02/17/15    Page 12 of 14



Prepared By:
Lawyers Title of Topeka, Inc.
5715 SW 21st Street
Topeka, KS 66604
(785) 271-9500

Agent for: Fidelity National Title Insurance Company

C.N. 32879

# SCHEDULE B – SECTION 2
# EXCEPTIONS

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company.

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the Effective Date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Rights or claims of parties in possession not shown by the public records.

3. Easements or claims of easements, not shown by the public records.

4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land.

5. Any lien, or right to a lien, for services, labor or material heretofore or hereinafter furnished, imposed by law and not shown by the public records.

6. Taxes or special assessments which are not shown as existing liens by the public records; also taxes and assessments for the year 2014 and subsequent years.

7. Public roads and highways.

8. Terms and conditions of an Easement dated March 23, 1987 executed in favor of the Delaware Watershed Joint District No. 10 as recorded February 12, 1988 in Book 371, Page 77 and corrected in Book 375 Page 308.

9. Mineral Reservation as set out in a deed executed by Union Central Life Insurance Company as recorded October 21, 1949 in Book 204, Page 220, SUBJECT TO a Statement of Claim for Severed Mineral Interest executed by The Union Central Life Insurance Company as recorded June 4, 1984 in Book 333, Page 690 AND Subject to a Mineral Reservation as set out in a deed executed by Willard E. & Barbara C. Benson as recorded June 3, 1985 in Book 345 Page 312.

[Continued on Next Page]

Note: All restrictions, if any, omit any covenant, condition or restriction based on race, color, religion, sex, handicap, familial status or national origin, unless and only to the extent that the restriction is not in violation of state or federal law, or relates to a handicap, but does not discriminate against handicapped people.

Note: If policy is to be issued in support of a mortgage loan, attention is directed to the fact that the Company can assume no liability under its policy, the closing instructions, or Insured Closing Service for compliance with the requirements of any consumer credit protection or truth in lending law in connection with said mortgage loan.

SCHEDULE B – SECTION 2 - Page 1
This commitment is invalid unless the Insuring Provisions of Schedules A and B are attached.

Prepared By:
Lawyers Title of Topeka, Inc.
5715 SW 21st Street
Topeka, KS 66604
(785) 271-9500



# Lawyers Title of Topeka, Inc.
TITLE INSURANCE & REAL ESTATE CLOSING

Agent for: Fidelity National Title Insurance Company

C.N. 32879

## SCHEDULE B – SECTION 2
## EXCEPTIONS

10. Terms and conditions of an Easement dated December 15, 1971 executed in favor of Rural Water District No. 3 for a 30 foot Water Line Easement and appurtenances thereto, together with the right of ingress and egress. Recorded December 6, 1972 in Book 269, Page 475.

11. Any part taken or used for a Right of Way for the transmission of liquid hydrocarbons in interstate commerce as set out in Jefferson County District Court Case 79C138 filed September 26, 1979, said case being entitled, "Hydrocarbon Transportation, Inc., a corporation, -vs- WILLARD E. BENSON and BARBARA C. BENSON, et al." and the Petition for said case being filed August 4, 1992 in Book 404 Page 597.

12. Kansas State Board of Health Regulation 28-10-32 and Official Map Drawing 69-17 filed February 12, 1970 in Book 260, Page 230 in the office of the Register of Deeds, Jefferson County, Kansas, which includes subject real estate in the Perry Reservoir Sanitation Zone.

13. Terms and conditions of an Agreement executed by and between Bernard J. Darveaux and Rita A. Darveaux and the Delaware Watershed Joint District No. 10. Recorded April 18, 2000 in Book 518 Page 522.

Note: All restrictions, if any, omit any covenant, condition or restriction based on race, color, religion, sex, handicap, familial status or national origin, unless and only to the extent that the restriction is not in violation of state or federal law, or relates to a handicap, but does not discriminate against handicapped people.

Note: If policy is to be issued in support of a mortgage loan, attention is directed to the fact that the Company can assume no liability under its policy, the closing instructions, or Insured Closing Service for compliance with the requirements of any consumer credit protection or truth in lending law in connection with said mortgage loan.

SCHEDULE B – SECTION 2 - Page 2
This commitment is invalid unless the Insuring Provisions of Schedules A and B are attached.